**Corinna Spencer-Scheurich,** OSB #130147
corinna@nwjp.org
Northwest Workers' Justice Project
812 SW Washington St, Suite 225
Portland, OR  97205
Telephone: (503) 525-8454
Facsimile: (503) 946-3029

**D. Michael Dale**, OSB #771507
michaeldale@dmichaeldale.net
Law Office of D. Michael Dale
P.O. Box 1032
Cornelius, OR  97113
Telephone: (503) 730-1706
Facsimile: (503) 946-3089

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **SARAH BENNETT**, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>**CASSIEL EUGENE, LLC,** a domestic limited liability company, doing business as **VISITING ANGELS EUGENE**,<br><br>    Defendant. | Civil No.: 6:19-cv-413<br><br>**COMPLAINT**<br><br>**Fair Labor Standards Act (29 U.S.C. §§ 201 *et seq*.),**<br>**Oregon Wage and Hour Laws**<br><br>**DEMAND FOR JURY TRIAL** |

## I. INTRODUCTION

1.      Sarah Bennett (Plaintiff) brings this action against Cassiel Eugene, LLC, dba

Visiting Angels Eugene (Defendant), under the Fair Labor Standards Act (29 U.S.C. §§ 201 *et*

*seq*., "FLSA") to collect unpaid wages. Plaintiff seeks overtime and minimum wages due to her

under 29 U.S.C. §§ 206, 207, and 216(b), and liquidated damages for the failure to pay wages

PAGE 1 - COMPLAINT

under 29 U.S.C. § 216(b).

2.      Plaintiff alleges unpaid wages, minimum wage and overtime violations, and penalty damages under Oregon wage and hour laws O.R.S. §§ 652.200, 653.025, 653.261, and 653.055.

## II. JURISDICTION

3.      Jurisdiction is conferred on this Court by 29 U.S.C. § 216(b), as this action arises under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*; 28 U.S.C. § 1331, as this action arises under the laws of the United States, and 28 U.S.C. § 1337, as it arises under acts of Congress regulating commerce.

4.      Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction of the claims based on Oregon law, as they are so related to claims within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

## III. PARTIES

5.      Plaintiff Sarah Bennett is a natural person who is employed to perform labor for Visiting Angels Eugene in Eugene, Oregon, in Lane County.

6.      Defendant Cassiel Eugene, LLC, dba Visiting Angels Eugene ("Visiting Angels") is a home-healthcare business with its principal place of business in Eugene, Oregon, in Lane County. Defendant Visiting Angels is a limited liability company registered with the Oregon Secretary of State.

## IV. FACTS

7.      Defendant Visiting Angels provides at-home elder care services in Eugene, and surrounding communities, including overnight care.

8. Defendant employed Plaintiff to provide caregiver services for Visiting Angels clients.

9. During each workweek during the course of Plaintiff's employment at Visiting Angels, Plaintiff was employed by Defendant to perform domestic service in households, which affected interstate commerce.

10. Plaintiff worked shifts exceeding 24-hours, providing care for one of Defendant's clients (hereinafter "Overnight Client"), during the approximate period of December 10, 2016, through June 19, 2017.

11. Defendant contracted with Plaintiff to pay Plaintiff an hourly wage of $11.75 for caregiver services during the period of December 10, 2016, through June 19, 2017.

12. Defendant did not provide Plaintiff with adequate sleeping facilities during the approximate period of December 10, 2016, through June 19, 2017, while Plaintiff provided care for Overnight Client.

13. Defendant scheduled Plaintiff's sleeping period from 1:00am to 9:00am (hereinafter "Scheduled Sleeping Period").

14. Plaintiff was required to remain at Overnight Client's home during the Scheduled Sleep Period.

15. Defendant did not pay Plaintiff for hours worked during the Scheduled Sleep Period.

16. Plaintiff regularly suffered multiple sleep interruptions due to calls to duty from Overnight Client, routinely resulting in less than five (5) hours of uninterrupted sleep during the Scheduled Sleep Period.

17. Defendant did not pay Plaintiff for interruptions to the Scheduled Sleep Period

PAGE 3 - COMPLAINT

due to a call to duty from Overnight Client.

18. Defendant regularly failed to compensate Plaintiff at a rate of time and one half for every hour worked over 40.

19. Defendant regularly paid Plaintiff less than the federal minimum wage for hours worked for Defendant.

20. Defendant regularly paid Plaintiff less than the Oregon minimum wage for hours worked for Defendant.

21. Among other weeks, Defendant did not provide adequate sleeping facilities to Plaintiff during the week of March 20, 2017, through March 26, 2017.

22. Defendant failed to pay Plaintiff for all hours during the Scheduled Sleep Period the week of March 20, 2017, through March 26, 2017, bringing her hourly wage below the federal and state minimum wages and also resulting in unpaid overtime premiums.

23. Among other weeks, Defendant did not pay Plaintiff for all hours during the Scheduled Sleep Period when interruptions due to a call to duty from Overnight Client resulted in less than five (5) hours of uninterrupted sleep during the Scheduled Sleep Period the week of February 6, 2017, through February 12, 2017.

24. Defendant's failure to pay Plaintiff for all hours during the Scheduled Sleep Period the week of February 6, 2017, through February 12, 2017, brought her hourly wage below the federal minimum wage.

25. Among other weeks, Defendant did not pay Plaintiff for all hours during the Scheduled Sleep Period when interruptions due to a call to duty from Overnight Client resulted in less than five (5) hours of uninterrupted sleep during the Scheduled Sleep Period the week of May 15, 2017, through May 21, 2017.

26. Defendant failure to pay Plaintiff for all hours during the Scheduled Sleep Period the week of May 15, 2017, through May 21, 2017, brought her hourly wage below the state minimum wage and also resulted in unpaid overtime premium.

27. Among other weeks, Defendant did not pay Plaintiff for hours she was called to duty by Overnight Client during her the Scheduled Sleep Period during the week of May 1, 2017, through May 7, 2017.

28. Defendant failure to pay Plaintiff for hours she was called to duty by Overnight Client during the Scheduled Sleep Period the week of May 1, 2017, through May 7, 2017, brought her hourly wage below the federal and state minimum wages and also resulted in unpaid overtime premiums.

29. Plaintiff, through her attorney, sent Defendant a letter on February 22, 2019, complaining of the violations of state and federal wage and hour law and requesting payment of the wages Plaintiff is due.

30. Defendant received the letter on or about February 24, 2019.

31. To date, Defendant has failed to pay Plaintiff all of her wages.

## V. CLAIMS FOR RELIEF

### (First Claim—Violation of FLSA)

32. Defendant violated 29 U.S.C. § 206 when it failed to pay Plaintiff the minimum wage rate for all the hours worked.

33. Defendant violated 29 U.S.C. § 207 when it failed to pay Plaintiff overtime premium wages for work performed for Defendants in excess of forty hours per work week.

34. Defendant's nonpayment of minimum wage and overtime was willful.

35. Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover unpaid minimum wages and overtime wages, equal amounts as liquidated damages, and attorney's fees and costs.

PAGE 5 - COMPLAINT

**(Second Claim – Violation of Oregon Minimum Wage and Overtime Laws)**

36. Defendant failed to pay Plaintiff at the Oregon minimum hourly rate for all hours worked in violation of O.R.S. § 653.025.

37. Defendants failed to pay Plaintiffs at a rate of time and one half for overtime hours in violation of O.R.S. § 653.261 and its implementing regulations.

38. Plaintiffs are entitled, under O.R.S. § 653.055, to recover the unpaid wages, penalty damages in an amount equal to 240 times their hourly wage rate, and reasonable attorney fees and costs for non-payment of minimum and overtime wages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief:

1. Award Plaintiff her unpaid minimum and overtime wages pursuant to 29 U.S.C. § 206 and § 207 and liquidated damages pursuant to 29 U.S.C. § 216(b);

2. Award Plaintiff her unpaid minimum wages pursuant to Oregon minimum wage laws, O.R.S. § 653.025;

3. Award Plaintiff her unpaid overtime wages pursuant to Oregon overtime law, O.R.S. § 653.261;

4. Award Plaintiff penalty wages in the amount of 240 times Plaintiff's average hourly wage pursuant to O.R.S. § 653.055, for unpaid minimum and overtime wages;

5. Find that Plaintiff is the prevailing party and award Plaintiff reasonable attorneys' fees and costs under 29 U.S.C. § 216(b) and ORS §§ 653.055 and 652.200;

6. Award Plaintiff pre-judgment interest on sums due under state law claims and post-judgment interest; and

7. Award Plaintiff such other relief as this Court deems just and proper.

Respectfully submitted this 19th day of March, 2019.

/s Corinna Spencer-Scheurich
**Corinna Spencer-Scheurich**
OSB #130147
corinna@nwjp.org
Northwest Workers' Justice Project
812 SW Washington St, Suite 225
Portland, OR  97205
Telephone: (503) 525-8454
Facsimile: (503) 946-3029

Attorney for Plaintiff

PAGE 7 - COMPLAINT